UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

CLEVELAND CHRISTOPHER BYNUM,

Plaintiff,

v.

CAUSE NO. 2:26-CV-244-PPS-AZ

BENJAMIN, HEISMAN, BRIAN
ENGLISH, and INDIANA
DEPARTMENT OF CORRECTION,

Defendants.

## OPINION AND ORDER

Cleveland Christopher Bynum, a prisoner without a lawyer, filed a complaint raising three claims. ECF 1. He has sued defendants Officer Benjamin (in his individual capacity), Officer Heisman (in his individual capacity), Warden Brian English (in his individual capacity and official capacity for injunctive relief), and the Indiana Department of Corrections (for injunctive and declaratory relief). *Id.*

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the first claim, Bynum alleges the defendants did not protect him from an attack by another inmate at the Miami Correctional Facility on September 14, 2024. He explains he was waiting outside the visitation building when an unsupervised inmate stabbed him six times. ECF 1 at 2. To state a failure to protect claim, the plaintiff must plausibly allege "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). Although Bynum alleges he should have been secured in the visitation building and that his attacker should have been escorted, restrained, and supervised; he does not provide facts from which it can be plausibly inferred that anyone other than the attacker himself had actual knowledge of the impending attack. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (to establish deliberate indifference on the part of defendants sued individually, the plaintiff needed to show the officers "acted with the equivalent of criminal recklessness, in this context meaning that they were actually aware of a substantial risk of harm to [plaintiff's] health or safety, yet failed to take appropriate steps to protect him from the specific danger.").

In the second and third claims, Bynum alleges supervisory liability, failure to train, and that policies/customs/practices caused his injuries. ECF 1 at 4. These types of claims can only be brought against a municipality. *See Sanville v. McCaughtry*, 266 F.3d 724, 739–40 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (affirming dismissal of failure to train and supervise claims brought against State warden). *See also Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) (explaining policy,

2

practice, or custom claims may only be maintained against a municipality). The Indiana Department of Corrections is a State agency, and the officers and warden are also not municipalities. *See Knight v. Newman*, No. 3:22-cv-131-RLM-MGG, 2022 WL 3154137, at *1 (N.D. Ind. Aug. 8, 2022) ("it is clear" that the Indiana Department of Correction and the warden were not municipalities subject to suit based upon policy, practice or custom); *Bradley v. Harvil*, No. 3:23-CV-108-JD-MGG, 2023 WL 1927282, at *1 (N.D. Ind. Feb. 10, 2023) (same).

Additionally, under 42 U.S.C. § 1983, there is no general supervisory liability. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks*, 555 F.3d at 596.

As it stands right now, this complaint does not state a claim for which relief can be granted. If Bynum believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).

To file an amended complaint, he needs to write this cause number on a **<u>Pro Se 14 (INND Rev. 2/20) Prisoner Complaint</u>** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

3

For these reasons, the court:

(1) GRANTS Cleveland Christopher Bynum until **July 3, 2026**, to file an amended complaint; and

(2) CAUTIONS Cleveland Christopher Bynum if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

ENTERED:  June 1, 2026.

 /s/   Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

4