UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CLEVELAND CHRISTOPHER BYNUM,<br><br>Plaintiff,<br><br>v.<br><br>MIAMI CORRECTIONAL FACILITY WARDEN,<br><br>Defendant. | CAUSE NO. 2:26-CV-244-PPS-AZ |

OPINION AND ORDER

Cleveland Christopher Bynum, a prisoner without a lawyer, filed an amended complaint raising one failure to protect claim. ECF 3. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Bynum alleges he was attacked "without warning" by a fellow inmate on September 14, 2024. ECF 3 at ¶ 28. To state a failure to protect claim, the plaintiff must plausibly allege "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir.

2010). Bynum sues two guards who were present when the attack occurred, the warden, and several unknown prison employees.

Bynum alleges unknown Internal Investigations Officers had actual knowledge of a specific threat against him because it was contained in his institutional file prior to the attack. ECF 3 at ¶¶ 16, 17, 18, and 20. The allegation of actual knowledge combined with the allegation that they did nothing to protect him states a claim, but "it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted). Bynum asks to conduct discovery to identify them, and he will be permitted to do so because when a prisoner is not "in a position to identify the proper defendants . . . it is the duty of the district court to assist him, within reason, to make the necessary investigation." *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). I will assist him "by allowing the case to proceed to discovery against [the warden in his official capacity] with the expectation that [he can] identify the officials personally responsible . . .." *Donald v. Cook Cty. Sheriff's Dep't*, 95 F.3d 548, 556 (7th Cir. 1996). Nevertheless, even if Bynum can identify them, it may be too late because the statute of limitations has already expired. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). "[P]laintiffs cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading. Not knowing a

defendant's name is not a mistake under Rule 15." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008).

Bynum also sues two named guards who were present during the attack as well as other unknown guards. However, he does not allege any of them had actual knowledge that he was in danger. Rather, he alleges those who knew "failed to communicate the threat, failed to implement reasonable protective measures, failed to separate Plaintiff from the known danger, and failed to take reasonable steps to protect Plaintiff from a substantial risk of serious harm." ECF 3 at ¶ 48. Though the guards present during the attack undoubtedly knew that "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). But a failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005); *see also Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). The amended complaint does not state a claim against Officers Benjamin and Heisman, or any of the other unknown guards who were present during the attack.

Bynum also sues the warden whom he alleges is "responsible for institutional procedures concerning inmate safety and documented threats and failed to ensure that reasonable protective measures were implemented after the documented threat to Plaintiff's life." ECF 3 at ¶ 51. Bynum does not allege the warden had personal knowledge of the specific threat he faced – only that the warden supervised those who did. Under 42 U.S.C. § 1983, there is no general supervisory liability. *Burks v. Raemisch*,

555 F.3d 592, 594 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The amended complaint does not state a claim against Warden Brian English in his individual capacity.

The Miami Correctional Facility Warden will be added in his official capacity so that Bynum can conduct discovery to identify the unknown Internal Investigation Officer(s) who had actual knowledge of a specific threat against him by other inmates prior to September 14, 2024. However, because Bynum is not proceeding in forma pauperis, the court will not serve the Warden for him under 28 U.S.C. § 1915(d). Rather, it is Bynum's obligation to serve the warden as provided by Federal Rule of Civil Procedure 4 with a copy of the amended complaint and this screening order.

For these reasons, the court:

(1) DIRECTS the clerk to add the Miami Correctional Facility Warden as a defendant in his official capacity;

(2) GRANTS Cleveland Christopher Bynum leave to proceed against the Miami Correctional Facility Warden in his official capacity for the sole purpose of discovery to identify the unknown Internal Investigation Officer(s) who had actual knowledge of a specific threat against him by other inmates prior to the attack on September 14, 2024;

(3) DISMISSES all other claims;

(4) DISMISSES Benjamin, Heisman, Brian English, John Doe 1-5, and John Does 1-5;

(5) DIRECTS the clerk to sign and seal summons for the Miami Correctional Facility Warden and send them to Cleveland Christopher Bynum; and

(6) ORDERS the Miami Correctional Facility Warden to enter an appearance, but to not respond to the amended complaint (ECF 3) and to only respond to properly filed and served discovery from Cleveland Christopher Bynum after a scheduling order is entered.

SO ORDERED.

ENTERED: October 23, 2026.

/s/ Philip P. Simon
United States District Judge